### WOERMAN *v.* BAAS *et al.*

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

COSTS—ADDITIONAL ALLOWANCE—DISCONTINUANCE.

    In an action by the heirs of a deceased owner of land for partition among themselves, it appeared that decedent had devised the use of the land in question to one B., his executor, for 10 years, and directed "that, at the expiration of said term, he, [B.,] or his heirs or assigns, shall pay to my estate the sum of $6,000, should he or they desire to purchase the property above described." The 10 years had expired when the partition action was brought, and B. had refused to purchase. B. was made a party to the action, on his own application, to obtain an adjudication of his rights as executor. Before the cause was noticed for trial the heirs sold the land, and obtained an order of discontinuance on payment of $10 to B. *Held*, that B. was not entitled to an additional allowance. PRATT, J., dissenting.

Appeal from special term, Kings county.

Action for partition by Joseph Woerman against Berend Baas and others. All the parties except defendant Baas, who was joined on his own application, in order to obtain an adjudication of his rights as executor of the will of Wilhelm Bonthrup, deceased, were the heirs of the said Bonthrup. The first clause of the will of Wilhelm Bonthrop, deceased, was as follows: "*First.* I give and bequeath to Berend Baas, his heirs and assigns, the rent and use of my house and lot on Gravesend avenue, near Kings highway, Gravesend, N. Y., for the term of ten years; and I hereby direct that, at the expiration of said term he, his heirs or assigns, shall pay to my estate the sum of six thousand ($6,000) dollars, should he or they desire to purchase the property described above." The heirs sold the property sought to be partitioned, and procured a discontinuance on payment of $10 to Baas, and from such order said Baas appeals. For former report, see 12 N. Y. Supp. 59.

Argued before BARNARD, P. J., and PRATT, J.

*Benjamin Hitchings,* for appellant, *Frederick W. Holls,* for respondent.

BARNARD, P. J. If this action had proceeded to judgment, Baas would not have been entitled to costs as a matter of course. The action was one in partition, and Baas was the executor of the dead owner of the property. By this will Baas had an estate in the land for 10 years, with the right to purchase at a sum named,—$6,000. The 10 years had expired, and Baas refused to buy at that price. The heirs commenced partition, and Baas was made a party defendant at his own request. The heirs sold the land, and procured an order of discontinuance, upon payment of $10 to Baas. There is no legal way to increase this allowance, under the circumstances of this case. The order should therefore be affirmed, with costs and disbursements.

PRATT, J., (*dissenting.*) Except the appellant, who has sued in his representative capacity, all the parties to the action are aliens. The property which the action was brought to foreclose has been sold by the heirs at law. The questions which the counsel for the executor was required to consider were many and difficult, and it is evident that they required careful study. Except the portion of the estate herein involved, all has been settled, paid out, and the executor's accounts closed. If the suit is discontinued without providing for the expenses for counsel, etc., to which the executor has been subjected, they will be thrown upon him personally, which would be unjust. Under all the circumstances, we think the discontinuance and discharge of the *lis pendens* should be conditioned upon payment of $250 to the attorney of the executor, and that the order made at special term should be modified to

that extent, and the appellant should recover costs and disbursements of this appeal. If these conditions are not complied with, the cause should proceed to judgment.